# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 16-CV-62502-GAYLES

**TOBIAS DESIGNS, INC.,**

    Plaintiff,

v.

**CHROMCRAFT REVINGTON
DOUGLAS IND., INC.,**

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss Copyright Claims for Lack of Declaratory Judgment Jurisdiction [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## FACTUAL BACKGROUND

Plaintiff Tobias Designs, Inc. ("Plaintiff") and Defendant Chromcraft Revington Douglas Ind., Inc. ("Defendant") are furniture companies, each producing swivel chairs. On September 7, 2016, Defendant sent a cease and desist letter to Plaintiff and one of Plaintiff's distributors alleging that Plaintiff had infringed on Defendant's designs and intellectual property and Defendant's original copyrighted work with respect to a particular chair. Defendant threatened suit for both trade dress and copyright infringement. Plaintiff responded on October 4, 2016, denying liability.

After acquiring new counsel, Chromcraft sent a second cease and desist letter to Plaintiff, threatening legal action for only the trade dress claim and eliminating the reference to copyright

infringement. In lieu of responding, Plaintiff filed this action seeking declaratory relief. In particular, Plaintiff seeks a declaration that (1) Defendants's alleged copyrights are invalid (Claim I); (2) Plaintiff has not infringed on any of Defendant's copyrights (Claim II); (3) Defendant's alleged trade dress is unenforceable (Claim III); and (4) Plaintiff has not infringed on Defendant's trade dress.

On November 10, 2016, Defendant sent Plaintiff a draft covenant not to sue. The proposed covenant promised not to pursue legal action for copyright infringement against Plaintiff with respect to any products or furniture designs used, sold, or marketed by Plaintiff as of the effective date. The proposed covenant was not signed and appeared to require the signatures of both Defendant and Plaintiff to be effective  Plaintiff rejected the proposed covenant.

On November 15, 2016, Defendant moved to dismiss Claims I and II of the Complaint arguing that the Court has no jurisdiction over those claims because (1) there are no registered copyrights at issue and (2) the proposed covenant not to sue eliminates any case or controversy. Defendant also sought sanctions against Plaintiff.

On December 9, 2016, Defendant filed an amended version of the proposed covenant adding that "Chromcraft [Defendant] agrees that this Agreement shall be binding upon it even absent signature of Tobias [Plaintiff] for the sake of resolving the pending motion." [ECF No. 15-1].

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court must have jurisdiction under at least one of the three types of

subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augustana-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). A facial challenge provides Plaintiff with similar safeguards to those of a Rule 12(b)(6) motion, and "the court must consider the allegations in the plaintiff's complaint as true." *Id.* In considering a facial attack on the complaint, the court must look to whether the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Id.* The court can consider the complaint as well as the attached exhibits. *Id.* "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *Morrison v. Amway Corp.,* 323 F.3d 925 n.5 (11th Cir. 2003). However, where "the existence of subject matter jurisdiction is inextricably intertwined with material facts affecting the merits of the claim, a district court must be guided by the standard for summary judgment motions under Fed.R.Civ.P. 56*." Bennett v. United States*, 102 F.3d 486, 488 (11th Cir. 1996).

## ANALYSIS

### A. Declaratory Judgment Act

The Declaratory Judgment Act grants the federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "An essential element for a declaratory judgment action is the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Sprint Sols., Inc. v. 4 U Cell, LLC*, No. 2:15-CV-605-FTM-38CM, 2016 WL 1244528, at *2 (M.D. Fla. Mar. 30, 2016). "A case or controversy must exist at the time the declaratory judgment action is filed." *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1568 (11th Cir. 1995). "The test for an 'actual controversy' under the Declaratory Judgment Act does not require a present dispute, but only the 'practical likelihood' that a dispute will arise." *Tudor Ins. Co. v. Zelwin, LLC*, No. 8:16-CV-376-T-30JSS, 2016 WL 1383040, at *1 (M.D. Fla. Apr. 7, 2016). "[A]n 'actual controversy' exists where 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *see also Nat'l Gen. Ins. Online, Inc. v. Black*, 5:15-CV-111-OC-30PRL, 2015 WL 7777533, at *2 (M.D. Fla. 2015) ("A potential claim need not mature to the level of a lawsuit to qualify as a 'substantial controversy' of 'sufficient immediacy.'").

The Declaratory Judgment Act does not expand the jurisidiction of federal courts. *GTE Directories*, 67 F.3d at 1567. Rather, "the operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). A federal court

has jurisdiction "in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law." *Household Bank v. JFS Group*, 320 F.3d 1249, 1251 (11th Cir. 2003).

B.  **Lack of Copyright Registration and Jurisdiction**

Defendant moves to dismiss Claims I and II of the Complaint, arguing that a declaratory judgment action concerning copyright infringement cannot be instituted where the declaratory defendant does not possess copyright registrations. The Court disagrees.

Pursuant to section 411(a) of the Copyright Law of the United States, "no civil action for infringement of the copyright…shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a). Exceptions to the registration requirement are limited to non-U.S. works, instances where the copyright holder attempts to register the work and is denied, claims where rights of attribution under 17 U.S.C § 106A are concerned, and instances where an author declares an intention to register a work and registers it within three months of its initial transmission. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 165 (2010).

In making its argument, Defendant relies on *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859 (11th Cir. 2008), where the Eleventh Circuit held that the district court had no jurisdiction over a declaratory judgment action related to a copyright where the copyright was not registered. *Id.* The Court reasoned that because the copyright holder could not bring an infringement action for its copyright claim, there was no subject matter jurisdiction over a declaratory relief claim related to that copyright.

Defendant's reliance on *Stuart Weitzman* is misplaced due to the Supreme Court's later ruling in *Reed Elsevier, Inc. v. Muchnick.* In *Reed*, the Supreme Court distinguished between "jurisdictional prescriptions and claim-processing rules" and found that section 411(a)'s

registration requirement is a precondition to filing a claim for copyright infringement, not a jurisdictional requirement. *Reed Elsevier*, 559 U.S. at 157 (2010). While the absence of a registered copyright might be the basis for a 12(b)(6) motion to dismiss a copyright infringement claim, it "does not prevent a federal court from exercising jurisdiction over a copyright infringement suit." *Telebrands v. Exceptional Products, Inc.*, No. 11-cv-2252, 2011 WL 6029402 at *3 (D.NJ. Dec. 5, 2011) (finding the Court had jurisdiction over a declaratory judgment action relating to an unregistered copyright). Accordingly, Defendant's motion to dismiss, on this ground, is denied.

### C. Covenant Not to Sue

Defendant also argues that there is no case or controversy because of its proposed covenant not to sue. The Court agrees. A formal covenant not to sue is sufficient to moot a declaratory judgment action. "[A] properly executed covenant not to sue for infringement not only moots the controversy with respect to infringement, but it also eliminates subject matter jurisdiction with respect to remaining declaratory claims…" *Harris Corp. v. Fed. Express Corp.*, 670 F. Supp. 2d 1306, 1310 (M.D. Fla. 2009) (citations omitted); *see also Barn Light Elec. Co., LLC v. Barnlight Originals, Inc.*, 8:14-CV-1955-MSS-AEP, 2016 WL 7135076, at *6 (M.D. Fla. Sept. 28, 2016) ("A patentee's execution of a covenant not to sue an alleged patent infringer may divest the court of jurisdiction to consider claims regarding the patent because an active "case or controversy" between the parties no longer exists.") (citations omitted).

Whether the Defendant's covenant not to sue will divest the Court of subject-matter jurisdiction depends on what is specifically covered by the covenant. *See Barn Light Elec. Co.*, 2016 WL 7135076, at *6 (internal citations omitted). Although Defendant initially sent Plaintiff an unsigned draft of its covenant not to sue, Defendant later filed a formal, executed version with

6

the Court as an exhibit to its Reply. The covenant states that the Defendant will not "pursue legal action for copyright infringement – or otherwise assert any allegations of copyright infringement – against Tobias [Plaintiff] or its customers…with respect to any products or furniture designs used, sold or marketed by Tobias as of the Effective Date." Furthermore, Provision 7 of the agreement specifically states "Chromcraft [Defendant] agrees that this Agreement shall be binding upon it even absent signature of Tobias [Plaintiff] for the sake of resolving the pending motion." The unambiguous language of the covenant binds the Defendant in its promise not to sue, and renders the present copyright controversy between the parties moot. Accordingly, Claims I and II must be dismissed.

**D. Sanctions**

Defendant requests that the Court sanction Plaintiff under 28 U.S.C. § 1927 for pressing a moot copyright claim and therefore manufacturing unnecessary litigation. The Court denies Defendant's request as it does not find that Counsel's conduct was unreasonable.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Copyright Claims for Lack of Declaratory Judgment Jurisdiction [ECF No. 6] is **GRANTED**. Claims I and II of Plaintiff's Complaint are **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of May, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE